**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| N. EDWARD MARSHALL, on Behalf of Himself and Others Similarly Situated, ] ] ] *Plaintiffs*, ] ] v. ] ] ACRO SERVICE CORPORATION and ] ACRO STAFFING, INC., ] ] *Defendants*. ] _____] | CASE NO. _____ COLLECTIVE ACTION JURY DEMANDED |

## ORIGINAL COMPLAINT

### SUMMARY

1. ACRO Service Corporation and ACRO Staffing, Inc. (collectively, "ACRO") does not pay certain hourly employees overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the FLSA). This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. All parties are subject to personal jurisdiction in Galveston, Texas.

4. Venue is proper because Plaintiff resides in this District and Division, and a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

1

## PARTIES

5.      Edward Marshall (Marshall) is an hourly employee of ACRO who lives in the Galveston Division of the Southern District of Texas.  His written consent is attached.

6.      ACRO is an enterprise consisting of more than one entity.  Included in the enterprise is ACRO Service Corporation a Michigan corporation with its principal office in Michigan.  ACRO Engineering Services, LLC's agent for service of process is Business Filings Incorporated, 701 Brazos Street, Suite 360, Austin, Tx 78701.

7.      ACRO Staffing, Inc. is another part of the ACRO enterprise.   Acro Stafffing, Inc. is a Michigan corporation with its principal office in Michigan.  ACRO Engineering Services, LLC's agent for service of process is Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Tx 78701.

## THE FACTS

8.      ACRO is professional staffing company.  It focuses on providing engineering, IT, Office support and industrial services personnel to companies across the United States.

9.      ACRO's employees use handle and work on goods or materials that have been moved in or produced for commerce such as computers, fax machines, telephones, pens, and other office equipment.

10.     In each of the past three years, ACRO's revenues exceeded $10 million dollars.

11.     As a staffing company, ACRO is well aware of the FLSA's overtime requirements.

12.     Marshall began working for ACRO in May 2010.  ACRO assigned Marshall to work at one of its client's locations.  Marshall worked at that client location until March 2011.

13. Marshall routinely worked more than 40 hours in a week.

14. Marshall reported his hours to ACRO each week.

15. ACRO paid Marshall by the hour.

16. ACRO paid Marshall the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

### COLLECTIVE ACTION ALLEGATIONS

17. Marshall incorporates the preceding paragraphs by reference.

18. ACRO paid and pays other hourly workers the same way it paid Marshall. ACRO failed to pay these workers overtime as required by the FLSA.

19. These workers should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). The class of "similarly situated" workers is:

> **All ACRO's hourly employees who were paid at "straight time" rates for hours worked in excess of 40 in a workweek.**

### CAUSE OF ACTION

20. Marshall incorporates the preceding paragraphs by reference.

21. By failing to pay Marshall and the workers similar to him overtime at one-and-one-half times their regular rates, ACRO violated the FLSA's overtime provisions.

22. ACRO owes Marshall and the Workers the difference between the straight-time rates actually paid and the proper overtime rate. Because ACRO knew, or showed reckless disregard for whether, its pay practices violated the FLSA, ACRO owes these wages for at least the past three years.

23. ACRO is liable to Marshall and the Workers for an amount equal to all unpaid overtime wages.

24. Marshall and the similarly situated Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

25. Marshall demands a trial by jury.

## PRAYER

Marshall prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Workers;

2. Judgment awarding Marshall and the Workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Marshall and the Workers may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
S.D. Tex. No. 21615
*Attorney-In-Charge for Plaintiffs*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile:  (713) 877-8065
rburch@brucknerburch.com

IN RE: FLSA CLAIMS AGAINST:  ]   COLLECTIVE ACTION
                              ]
                              ]
ACRO SERVICE CORPORATION, ET AL.,  ]   **NOTICE OF CONSENT**
                              ]

I consent to be a party plaintiff in an action to collect unpaid wages. I agree to be bound by the Professional Services Agreement with Bruckner Burch PLLC and Michael D. Lore, P.C.

_____
Signature

NOEL EDWARD MARSHALL
Full Legal Name (print)

10/6/2011
Date